Mrs. Clara H. HALL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15975.

United States Court of Appeals
Fifth Circuit.

June 22, 1956.

———◆———

John T. Campbell, Minden, La., Thos. W. Leight, Monroe, La., for appellant.

John G. Roberts, Atty., Dept. of Justice, Washington, D. C., T. Fitzhugh Wilson, U. S. Atty., Meredith T. Holt, Asst. U. S. Atty., Shreveport, La., Marcus A. Rowden, Atty., Dept. of Justice, Washington, D. C., George Cochran Doub,

Asst. Atty. Gen., Paul A. Sweeney, Bonnell Phillips, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

The plaintiff, wife of an Army sergeant, sought damages under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346 (b), 1402(b), 2401, 2671 et seq., for paralysis which followed a spinal anesthetic which she alleged was negligently given to her while a patient in a navy hospital for the purpose of easing the pains of childbirth. The trial before the court resulted in a finding that there was no negligence and a judgment was entered for the United States.

The plaintiff has appealed from the judgment adverse to her, contending that she was entitled to but was denied the benefits of the doctrine of res ipsa loquitur, that it was actionable negligence not to warn her of the problems in the use of a spinal anesthetic, that the express consent of plaintiff to the giving of the anesthetic should have been but was not procured, that an anesthesiologist who was on duty at the hospital should have been but was not consulted, and that the sterilizing solution in which the ampule of the anesthetic was stored prior to use should have been dyed, so that any seepage of the solution into the ampule and the consequent contamination of the anesthetic would have been readily apparent.

All of the questions presented were carefully considered by Judge Dawkins, before whom the case was tried, and are discussed by him in a well and carefully written opinion. Hall v. United States, D.C., 136 F.Supp. 187. The conclusions which he has reached and the principles which he has pronounced are sound and require no elaboration by us.

At the outset we were given some concern by Judge Dawkins' comment that the practice of artificially coloring the storage solution in which the anesthetic was kept is safer procedure. However, an examination of the record confirms Judge Dawkins' finding that the anesthetic would not have been found as it was, in dry and loose flakes, and the glucose solvent, packaged in another ampule, would not have been clear and colorless, if there had been any seepage of the storage solution into the ampules. Thus, as Judge Dawkins points out, any conclusion that the anesthetic was contaminated by the storage solution would be highly speculative.

The judgment of the district court is Affirmed.